UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS M. McDONALD,<br><br>          Plaintiff,<br><br>     v.<br><br>STEVEN C. PALACIOS, *et al*.,<br><br>          Defendant. | Case No. 2:09-cv-01470-MMD-PAL<br><br>ORDER |

Before the Court is Defendants Steven C. Palacios and the Palacios Family Trust's ("Defendants") Motion for Reconsideration, or, in the Alternative, Request for Certification for Immediate Appellate Review (dkt. no. 78, filed Oct. 6, 2011). The Court has also considered Third-party Defendant United Business Brokers of Nevada, LLC's Opposition (dkt. no. 79, filed Oct. 24), Third-party Defendant Leonard S. Krick's Opposition (dkt. no. 80, filed Oct. 24), Plaintiff Thomas M. McDonald's Opposition (dkt. no. 81, filed Oct. 25), and Defendants' Reply (dkt. no. 82, filed Nov. 3).

For the background and facts in this case, the Court directs the reader to the Order Defendants ask the Court to reconsider, dkt. no. 77, filed September 27, 2011. For the reasons discussed below, the Court grants the motion in part and denies it in part.

///

///

## I. STANDARD

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). *See also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

Thus, a motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

///
///
///

## II. ANALYSIS

### A. Reconsideration

Here, Defendants do not present the Court with newly discovered evidence or an intervening change in the law. Rather, Defendants simply argue that the Court committed clear error in its Order. Defendants simply rehash their prior arguments and make certain new arguments that were available to them when they briefed the motions at issue. However, a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of* Bishop, 229 F.3d 877, 890 (9th Cir 2000) (emphasis in original). In essence, Defendants simply seek another opportunity to persuade the Court of their original position. Not only does the Court disagree that it committed clear error in its prior Order, but this is not the appropriate avenue for Defendants to reargue their prior positions. Thus, the Court denies the motion except that it will clarify one portion of the Order.

### B. Clarification

Defendants also request that the Court clarify the portion of its Order dismissing Defendants third-party complaint against United Business Brokers of Nevada ("UBBN") and Leonard Krick. The Court clarifies the Order for the limited purpose of explaining that the third-party complaint was dismissed *without prejudice*. The Court also clarifies that it did not deny Defendants' motion to amend their third-party complaint because they did not move to amend the third-party complaint. Rather, Defendants simply included a section at the end of their response to the motion to dismiss discussing the standard for granting leave to amend. Defendants did not move for leave to amend, nor did they attach a proposed amended complaint as required by this Court's Local Rules of Practice. LR 15-1. Defendants may seek leave to amend if they so wish, and the Court will review such a motion under the appropriate standards at that time.

///

///

### C. Certification for Interlocutory Appeal

Finally, Defendants request that the Court certify its Order for appeal under 28 USC § 1292 if it does not grant reconsideration. Defendants have not convinced the Court that this situation warrants interlocutory appeal principally because the Court does not find that "there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *James v. Price Stern Sloan*, 283 F.3d 1064, 1068 (9th Cir. 2002) (quoting 28 U.S.C. § 1292(b)).

## III. CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Palacios and the Palacios Family Trust's Motion for Reconsideration (dkt. no. 78) is GRANTED in part and DENIED in part as follows:

The Motion is GRANTED for the limited purpose of clarifying that the third-party complaint was dismissed without prejudice. It is DENIED in all other regards.

ENTERED THIS 3rd day of August 2012.

_____
UNITED STATES DISTRICT JUDGE